PER CURIAM.
By these consolidated appeals, appellants seek review of an order of the Circuit Court of Dade County, Probate Division, determining that the term issue, as used in the power of appointment under decedent’s Last Will and Testament, meant children and not grandchildren. The order appealed is as follows:
“The decedent, HARRY FREEDMAN, in his Last Will and Testament admitted to probate in this cause, created a trust for the benefit of his wife, VALERIE, in the sum of $50,000 and gave to his wife, VALERIE, a limited power of appointment of the said $50,000 trust in the following language:
“ ‘Upon the death of Valerie, my Trustees shall dispose of the principal of the Limited Trust then held by them, if any, to and among any one or more of the issue of Valerie and myself, and the spouses of such issue, in such proportions and upon such estates and trusts and upon such conditions and otherwise in such manner as Valerie shall have validly directed by her Last Will, by specific reference to this power.’
“VALERIE, now deceased, by her Codicil dated May 10, 1973, exercised the power of appointment given to her in the following language:
“ ‘THIRD: Hereby intending to exercise the limited power of appointment granted to me by the Last Will and Testament of my late husband, HARRY FREEDMAN, I give, devise, bequeath and appoint the property subject to such limited power of appointment to my Executors or my Trustees, as the case may be, to be held, administered, transferred and paid over by them as a part of my residuary estate in accordance with the provisions of Articles FOURTH and FIFTH of my said Last Will and Testament.’
“The effect of the attempted exercise of the power of appointment by VALERIE was to exercise the same in behalf of her grandchildren who were her residual beneficiaries.
*1217 “At the time the decedent HARRY FREEDMAN executed his Last Will and Testament creating, the $50,000 Trust aforesaid, in addition to his wife, VALERIE, his family consisted of two daughters, to wit: JUDITH KRAMER and ROBERTA MILLER, both of whom are married. The question before the Court for determination is whether the language, ‘to and among any one or more of the issue of VALERIE and myself, and the spouses of such issue,’ places a limitation on those to whom VALERIE could exercise the power of appointment to the daughters and their husbands, or whether the language quoted includes grandchildren, great-grandchildren, and indefinitely on down the line of lineal descendants.
“It is contended by those who claim a valid exercise of the power of appointment by VALERIE that the determination of the question must be had according to the law of the State of New York where the Last Will and Testament of HARRY FREEDMAN was executed. Looking to the law of New York, in the case of Drake v. Drake, (Court of Appeals of New York, Second Division); 134 N.Y. 220, 32 N.E. 114, we find the following language quoted in the majority opinion:
“ ‘The word “issue” may be a word either of purchase or limitation, and will be construed the one or the other, as may be necessary to effectuate the intent with which it appears to have been used in the instrument where it is employed. * * * And when used in a will making a devise on failure of issue, or to a person and his issue, it is treated as a work of limitation, and not of purchase; and, unless there is something to show that it is entitled to a more restricted sense, it imports descendants or an indefinite issue. * * In Palmer v. Horn, 84 N.Y. 516, the meaning of the word “issue” was clearly restricted to “children” by the terms of the will, as both terms were there used synonymously. And Judge Earl there remarked that “the word ‘issue’ is an ambiguous term. It may mean descendants generally, or merely children; and whether, in a will, it shall be held to mean the one or the other depends upon the intention of the testator as derived from the context or the entire will, or such extrinsic circumstances as can be considered.” And he added that it would be held to have the meaning of “children” “upon slight indication that such was the intention of the testator.” ’
“It is also indicated by the authorities that the use of the word ‘issue’ does not permit the appointment to be made to grandchildren so long as their parents are alive, unless the will of the testator clearly authorizes such power. No such authorization is contained in the will of Harry Freedman.
“Looking to the intent of the testator, HARRY FREEDMAN, at the time, of the execution of his will and the family situation then existing, the restriction of the power of appointment by VALERIE to ‘the issue of VALERIE and myself, and the spouses of such issue,’ would clearly indicate that the language of the will itself limits the word ‘issue’ to the two daughters of HARRY and VALERIE and the power of appointment to them and their respective spouses. Upon consideration of the foregoing, it is now, therefore:
“ORDERED AND ADJUDGED that the exercise of the power of appointment by VALERIE in her Last Will and Testament was an invalid exercise of the same and that the corpus of the limited Trust shall pass and be distributed to the beneficiaries of HARRY FREEDMAN’S estate as contained in ARTICLE SIXTH of his Last Will and Testament, to wit: ‘the issue of Valerie and myself,’ the same being JUDITH KRAMER and ROBERTA MILLER.”
We have carefully reviewed the record on appeal, the briefs and the trial court’s order. From this review, we have concluded that the trial court’s order is correct, therefore, it is affirmed.
Affirmed.