MELVIN, Judge.
Appellant Telfair Stockton Rogers by this appeal seeks to overturn a final declaratory judgment of the trial court in the matter of the construction of a testamentary trust contained in the Last Will and Testament of Florence 0. Stockton, said Will being of date June 5, 1931; and a declaratory trust of date June 14, 1946, effective as of March 1,1932, executed by Florence Stockton Rogers and James Roosevelt Stockton, said trust being for the use and benefit of Tel-fair Stockton, Jr. The declaration of trust recited that Telfair Stockton, Jr., James Roosevelt Stockton, and Florence Stockton Rogers were all of the living children of the late Telfair Stockton and the late Florence 0. Stockton.
At the time Florence 0. Stockton executed her Will, she had a husband, Telfair Stockton, Sr., three children, Florence Stockton Rogers, James Roosevelt Stockton, Sr., and Telfair Stockton, Jr. (who was alleged to be incompetent); one grandchild, Telfair Stockton Rogers, born April 24, 1923, who is the appellant. The Will contained a testamentary trust that was to continue in effect during the life of Telfair Stockton, Jr., who died December 24, 1976. His brother James Roosevelt Stockton, Sr., died February 11, 1969, and sister, Florence Stockton Rogers, died October 28, 1971. As of the date of death of Telfair Stockton, Jr. (who died without issue), his brother, James Roosevelt Stockton, Sr., had two living children and several living grandchildren. Those living children were Preston Stockton Bowen, born March 13, 1933, and James Roosevelt Stockton, Jr., born February 27, *176 1934. Florence Stockton Rogers, at the time of her death October 28, 1971, had one living child, Telfair Stockton Rogers, born April 24, 1923, three living grandchildren, and one great-grandchild. Thus, we observe that there were 14 descendants of James Roosevelt Stockton, Sr. and Florence Stockton Rogers. (A chart setting forth the Stockton Family tree may be found on the last page of this opinion.)
We first consider the point as to who under the Will is entitled to receive the corpus of the trust. It is contended by the appellant that the corpus should be distributed per capita among the three living children of the testatrix’s son and daughter. The lower court did not agree with this contention and ruled that the corpus must be divided per capita among the 14 living descendants of the testatrix’s deceased son and daughter without regard to the degree of relationship to the deceased son and/or the deceased daughter.
The answer to this question, of course, turns upon just what the testatrix meant when she used the word “issue” of her son and daughter. By the use of that term, we must determine whether or not she intended the same to encompass all lineal descendants of her son and daughter or whether she intended that term to be limited to the children of her son and daughter.
The provisions for the distribution of the corpus of the testamentary trust, as well as the declaration of trust, are substantially identical. The material portions of the testamentary trust provide:
“ITEM 5. Upon the death of the surviv- or of Telfair Stockton and Telfair Stockton, Junior, this trust estate shall terminate and the corpus thereof and any accrued and undistributed income arising therefrom, real, personal and mixed, in esse and in futuro, and all of my remaining property shall vest absolutely free of trust and I hereby as of that date give, devise and bequeath the same unto my daughter, Florence Stockton Rogers, and my son, James Roosevelt Stockton, in equal parts in fee simple forever, if they be living at such time, and if not then to the survivor of them if one shall have died without issue of his or her body, in fee simple forever, and if one of them shall be dead, leaving issue of his or her body then surviving and the said other shall be living, then to such issue, per stirpes, and to the other who is living, share and share alike in fee simple forever, and if both shall be dead then to the living issue of each or either of them per capita, in fee simple forever. . . .”
(Emphasis supplied)
It is a cardinal rule relating to the construction of a Will that the testator’s intent, if the same be lawful, shall prevail. Thus, when the testator in one part of the Will clearly utilizes the term “issue” in referring to children, it will be presumed to be used in that sense in other clauses of the Will, in the absence of an expressed intent to the contrary. Page, The Law of Wills, p. 450. The term “issue” will be construed to mean “children” upon even a slight indication that such was the intention of the testatrix. See Kramer v. Freedman, 346 So.2d 1216 (Fla. 3d DCA 1977).
When the word “issue” appears in an instrument and the same is used with reference to the parent of that issue, it means children, or stated differently the word “parent” confines the word “issue” to the children of the taker. 48 C.J.S. Issue, p. 781.
Page, The Law of Wills, Section 34.22, provides:
“. . . Whatever may have been the original rule, the courts today tend strongly to the view that the children of living parents do not take under a gift to ‘issue’ as against their parents.”
Simes, The Law of Future Interests, Section 106, at p. 219, provides:
“At one time a testamentary gift to ‘issue’ of a named person, to take effect on his death, was held to mean that all lineal descendants of such person of every degree would take per capita. Today in the absence of language or circumstances indicating contrary intent, such a gift means that those lineal descendants of *177 the named person who would take his property on his death intestate, according to the .local statutes of descent and distribution, will take the same shares in the gift which they would receive as distribu-tees under such statutes.”
Let us now consider the alternative remainders that the testatrix set forth in her Will for distribution of the corpus. We note there a pattern of distribution that is in proportion to the degree of kinship. The first alternative remainder left the corpus to her two children equally, effective upon the death of her son, Telfair Stockton, Jr. The second alternative remainder provided that if one of her children was deceased without issue then the entire corpus would go to the remaining living child. The third alternative remainder provided that if one of her children was deceased with issue and the other living, the living child would take one-half of the corpus and the issue would take the other half per stirpes. The fourth alternative remainder, as we construe the provisions of the testamentary trust, provides that if both of her children are deceased, each having living children, then such living children would take per capita and not per stirpes. We find another indication of the testatrix’s intent as to the use of the word “issue” in Item 4 of the Will. This deals with the distribution of the income from the trust. We there find written:
“The net income payable under the provisions of paragraph (e) hereof to my three children shall, during the lifetime of Tel-fair Stockton, Junior, and from time to time be payable to the survivor or survivors of my three children, unless either Florence or James shall die with issue of her or his body, in which case such issue or the survivor or survivors of them, while living and during the lifetime of Telfair Stockton, Junior, take the share, per stirpes, of the net income which would have been payable from time to time to the parent of such issue had such parent continued to live. . . . ”
We perceive that here the testatrix is clearly stating that the income shall be. payable to the issue of her son or daughter, “or the survivor or survivors of them” per stirpes. By limiting the income to the “survivor or survivors” of the issue of her son and daughter, we perceive it to be clear that the testatrix was not contemplating that the “issue” would extend beyond the children of her son and daughter. If she had so contemplated, she would not have denied the income to all the lineal descendants of her son and daughter.
Upon a consideration of the record before us, we conclude that it was the intent of the testatrix to leave the corpus of the trust to the children of her son and daughter and not to all of the lineal descendants of them.
The remaining question presented by this appeal concerns the status of income received by the testamentary trust and the declaratory trust that had accrued but had not been fully paid over to the income beneficiaries prior to December 24, 1976, the date of death of Telfair Stockton, Jr.
Where the terms of an instrument are clear and unambiguous, there is no need for the court to indulge in an interpretation as to the intent of the writer of such instrument.
The testamentary trust and the declaration of trust provides that upon the death of Telfair Stockton, Jr. “this trust estate shall terminate and the corpus thereof and any accrued and undistributed income arising therefrom” shall vest the same order as is set forth in “Item 5” above.
It is clear from that which is written that the testator as well as the writers of the declaration of trust intended that upon the death of Telfair Stockton, Jr., any income right that he had at such moment would terminate and that as to any accrued and undistributed income of whatsoever kind, such would pass as indicated to Florence Stockton Rogers and James Roosevelt Stockton and through them to their respective children, Preston Stockton Bowen, James Roosevelt Stockton, Jr. and Telfair Stockton Rogers. It was never the intention of the testatrix or the parties preparing the declaration of trust that the estate *178 of Telfair Stockton, Junior, would ever accrue any vested interest in any accrued but undistributed income, or corpus of the trust.
Therefore, the judgment of the lower court is reversed with directions to enter judgment, distributing the corpus of the trust, including any earned and undistributed income, to Telfair Stockton Rogers, Jr., James Roosevelt Stockton, Jr., and Preston Stockton Bowen, the three living grandchildren, in equal shares.
ERVIN, Acting C. J., and MASON, ERNEST E., Associate Judge, concur.