393 So.2d 78 (1981)
BARNETT FIRST NATIONAL BANK OF JACKSONVILLE, Florida, Appellant,
v.
Edward A.M. COBDEN, John P. Turney, and Ann Graham Nugent, Appellees.
No. 80-499.
District Court of Appeal of Florida, Fifth District.
February 4, 1981.
*79 David F. Vedder of Wells & Vedder, Daytona Beach, for appellant.
Harold C. Hubka of Black, Crotty, Sims & Hubka, Daytona Beach, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
The Barnett First National Bank of Jacksonville appeals from a final order appointing a successor trustee for the John M. Cobden trust. We reverse.
The will of John M. Cobden, who died in November of 1979, contained a testamentary trust. A codicil to the will appointed Elizabeth Nugent Cobden (decedent's wife) and Edward A.M. Cobden (decedent's brother) as co-trustees and further stated:
Should either of said Executors or Trustees predecease me or fail to serve as ... Trustee or having served they should then die, I do hereby appoint the Barnett First National Bank of Jacksonville, Florida as Successor ... Trustee to serve hereunder.
The initial co-trustees served until January 16, 1980, when Elizabeth was adjudicated incompetent. On February 5, 1980, Edward Cobden petitioned the court to appoint John P. Turney as co-trustee.
The petition for appointment of Turney alleged that both Edward Cobden and Elizabeth Nugent Cobden served as co-trustees, both were presently living and because neither had failed to serve or died that the conditions precedent and necessary to invoke the succession of the Barnett Bank to the position of co-trustee had not occurred. It was Cobden's position that Elizabeth's incompetency was not a "failure to serve" as that phrase is employed in the will. Following a hearing, the trial court entered an order appointing Turney as co-trustee.
Both appellant and appellee contend that the language of the will is not ambiguous, but each seriously urges that this "unambiguous" language be interpreted to achieve a different result. The bank urges that the language clearly reflects the testator's intent to appoint it successor co-trustee upon the inability or failure of either of the initial co-trustees to continue serving. Appellee contends that the bank was designated successor trustee only if (a) a co-trustee predeceases the testator; (b) a co-trustee never begins to serve; or (c) a co-trustee dies while serving. From an examination of the questioned language, we conclude that the passage is ambiguous. Not only are the interpretations urged by appellant and appellee possible, but others are also conceivable.
Where the terms of an instrument are clear and unambiguous, there is no need for the court to engage in a construction of such instrument. Rogers v. Atlantic National Bank of Jacksonville, 371 So.2d 174 (Fla. 1st DCA 1979). However, where there is ambiguity or uncertainty arising from the language used which obscures the intent of the testator, construction of the instrument is necessary. 35 Fla.Jur. Wills § 273.
Initially, in the construction of wills and trusts, the testator's intent should prevail. *80 Rogers at 176. See West Coast Hosp. Ass'n v. Florida National Bank, 100 So.2d 807 (Fla. 1958). However, it is the intention which the testator expresses in the instrument that governs, not that which he might have had in mind when it was executed. Iles v. Iles, 158 Fla. 493, 29 So.2d 21 (1947). In construing a will, words should be given their ordinary and usual meaning. In Re Estate of Lesher, 365 So.2d 815 (Fla. 1st DCA 1979).
To construe the phrase "fails to serve" as urged by appellees in this instance to apply only when one of the co-trustees initially fails to serve, appears to run afoul of the elementary rule that the language employed controls rather than the language intended to be used. Boyle v. Howe, 126 Fla. 662, 171 So. 667 (1937). While it is obvious that the paragraph is inartfully drawn, it is more logical to conclude that the testator intended the bank to replace any co-trustee who did not serve or having served, could not continue to serve, as opposed to having to petition the court to select a successor not mentioned in the will, even a stranger to the testator. Nothing was offered in the record to suggest that the testator would have preferred Mr. Turney over the bank. Appellees advance no argument or theory to explain why the testator would provide for a designated trustee to be appointed where the co-trustees predecease or refuse to initially serve or, having served, die, but would not provide for such appointment in innumerable other circumstances, one of which occurred here. Such an illogical construction is avoided by giving a broad reading to "fails to serve" as opposed to the narrow one embraced by the trial court. This principle is analogous to the situation when the terms of a will permit two constructions, one resulting in intestacy and the other, a valid testamentary disposition. The latter construction is clearly preferred. In Re Estate of Gold, 189 So.2d 905 (Fla. 3d DCA 1966).
We hold that the naming of a successor trustee indicates a preference on the part of the testator and where ambiguity exists regarding when such preference should be invoked, it should be resolved in favor of effectuating the testator's preference absent convincing proof of a contrary intent or purpose of the testator.[1] Under the doctrine of automatic succession, appellant succeeds to its position as co-trustee. See Douglas Properties v. Stix, 118 Fla. 354, 159 So. 1 (1935).
REVERSED.
COBB and SHARP, JJ., concur.
NOTES
[1] No testimony or other proof, other than the will and codicil, were offered to evidence the testator's intent.