479 So.2d 312 (1985)
FIRST NATIONAL BANK OF FLORIDA, etc., Appellant,
v.
Eleanor H. MOFFETT, etc., Appellee.
No. 85-36.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
Ellen B. Herrera, of Raymond, Wilson, Conway, Barr, Burrows and Jester, Daytona Beach, for appellant.
Terence R. Perkins, of Cobb and Cole, Daytona Beach, for appellee.
UPCHURCH, Judge.
The First National Bank of Florida appeals from a final judgment requiring it to make additional payments under a trust administered by the bank. We conclude that the trial court erred in interpreting the trust and accordingly reverse.
The trust in this case was established by Paul Winship Bidwell. Article IV of the trust provides in part as follows:
Upon Grantor's death the Trustee shall:
A. Make available to the Personal Representative of Grantor's estate any funds necessary to satisfy all debts, *313 taxes, devises, and administrative expenses resulting from Grantor's death should his probate estate be insufficient for such purposes.
B. Pay over to Clara W. Hagen the sum of fifty thousand ($50,000.00) dollars in fee and discharged of trust.
C. Divide the balance of all trust assets into two (2) equal parts, one such part held for the benefit of Howard Bidwell and one such part for the benefit of Clara W. Hagen. Each part shall be administered and distributed in the manner and according to the terms and conditions as follows:
1. During the life of each beneficiary, the Trustee shall pay to the individual beneficiary of each part in each taxable year of the trust a unitrust amount equal to five (5%) percent of the net fair market value of the trust assets valued as of the first day of each taxable year of the trust. Such unitrust amount shall be paid in equal quarterly installments from income and, to the extent income is not sufficient, from principal. All income of the trust for a taxable year in excess of the unitrust amount shall be added to principal.
2. Upon the death of each individual beneficiary, (or if either or both shall not survive the Grantor), the Trustee shall distribute all of the then principal and income of his or her part, other than any amount due the individual beneficiary, to the Springfield Unit of the Shriners Hospital For Crippled Children, Springfield, Massachusetts. Grantor requests said institution to establish the EMMA REID BIDWELL Fund to be used for any purpose its official governing body may direct.
The court below concluded that this language was unambiguous in its requirement that the five percent income to be paid to each beneficiary be computed on the basis of the total trust assets and not just on that part set aside for each beneficiary. The bank contends that this determination is clearly erroneous. We agree.
Where the terms of an instrument are clear and unambiguous, there is no need for the court to engage in a construction of such instrument. Barnett First Nat. Bank v. Cobden, 393 So.2d 78 (Fla. 5th DCA 1981). However, where there is ambiguity or uncertainty arising from the language used, construction of the instrument is necessary. Barnett, 393 So.2d at 79.
In the present case, the language of Article IV is ambiguous because it can reasonably be read in two ways. One interpretation is that the language mandates payment of income based on a percentage of all of the trust assets. The other interpretation is that the language refers to a percentage of the assets in the part of the trust assigned to each beneficiary. Since the trust is ambiguous, construction of the instrument is necessary.
In construing wills and trusts, the intent of the testator or settlor should prevail and effect given to his wishes. See Knauer v. Barnett, 360 So.2d 399 (Fla. 1978); Gilbert v. Gilbert, 447 So.2d 299 (Fla. 2d DCA 1984). This intention should not be determined by isolated words and phrases but rather the instrument as a whole should be considered and the testator's general plan ascertained. In Re Estate of Lesher, 365 So.2d 815 (Fla. 1st DCA 1979). In construing the instrument, words should be given their ordinary and usual meaning. Knauer v. Barnett; Lesher.
We conclude that the settlor intended to establish two trusts upon his death, one for the benefit of Howard Bidwell and one for the benefit of Clara Hagen. We arrive at this conclusion from the instruction to the trustee to "[d]ivide the balance of all trust assets into two (2) equal parts, one such part held for the benefit of Howard Bidwell and one such part for the benefit of Clara Hagen." This conclusion is supported by the direction to the trustee that, upon the death of either beneficiary, the trustee is to distribute the principal and *314 income of his or her part to the Shriners Hospital.
In Matter of Estate of Berryman, 226 Kan. 116, 595 P.2d 1120 (1979), the court noted that where a settlor uses plural expressions such as "trust estates", "trusts", "said estates", "trust funds", and the like, the indication is that he had in mind not one but several trust estates. In that case, Berryman stated in his will, "I direct that my residuary estate be divided into two trusts" and essentially all of the language of his will was consistent with that directive. The court held that subsequent portions of the will must be read in light of Berryman's primary direction and purpose to establish two separate trusts. Here the settlor directed that each part of the trust be distributed by paying to the individual beneficiary a percentage of "the net fair market value of the trust assets... ." Since these directions follow the creation of two separate trusts, we conclude that the settlor intended that the percentage apply only to the assets in each part and not to the entire trust.[1]
As pointed out by the bank, it would have been illogical for the settlor to have divided the trust assets into two parts but to give each beneficiary a percentage of all the assets. This seems particularly so in light of the fact that when a beneficiary dies, his or her part is distributed to the Shriners Hospital and the other beneficiary would only receive a percentage of the remaining one-half of the trust assets. If the settlor intended for each beneficiary to receive a percentage of all of the assets, he should have provided for distribution to the Shriners Hospital only upon the death of both beneficiaries. In that way, the surviving beneficiary would continue to receive a percentage of all of the trust assets.
In sum, we conclude that the bank was correct that the trust provides for a distribution of income based on each beneficiary's one-half share rather than on the total trust assets. Accordingly, the final judgment is reversed and the cause remanded with instructions to enter judgment in favor of the bank.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] In the forepart of Article IV(C), where the settlor directs the establishment of two trusts, he directs the trustee to divide "all trust assets." However, immediately below, in the language pertaining to the administration of each part, the settlor refers only to "trust assets", significantly omitting the word "all."