501 So.2d 745 (1987)
Ronal W. SOUDER, Appellant,
v.
Kathleen B. JOHNSON, As Personal Representative of the Estate of Dr. Arthur M. Edwards, and Lawrenceville School and al Koran Shrine Hospital for Crippled Children, Appellees.
No. 4-86-0943.
District Court of Appeal of Florida, Fourth District.
February 4, 1987.
Rohan Kelley and James A. Herb of Kelley & Herb, P.A., Fort Lauderdale, for appellant.
James G. Pressly, Jr., of Gunster, Yoakley, Criser & Stewart, West Palm Beach, for appellees  Lawrenceville School and Al Koran Shrine Hosp. for Crippled Children.
LETTS, Judge.
The trial court ruled that the devise of a villa-type condominium and its "contents" did not include stock certificates or the *746 proceeds from financial institutional passbooks found on the premises. We affirm.
The decedent's stepson, who was the recipient of the villa, is not content with that inheritance and essentially claims the remainder of the estate, predicated on the theory that the meaning of the word "contents" found in the will, was ambiguous. As a consequence, he argues that extrinsic evidence should have been admissible to resolve the ambiguity and establish that the testator intended, in this particular instance, that the word "contents" encompass the stock evidenced by certificates and the cash represented by the passbooks and bank statements found in the house.[1]
Surprisingly, this particular controversy has never been resolved by a Florida court. However, we have no difficulty in aligning ourselves with the majority view, nationwide, which holds that only tangible personal property is contemplated when defining house "contents." Annotation What Passes Under Legacy or Bequest of Things Found or Contained in Particular Place or Container, 5 A.L.R.3d 466 (1966). As a corollary, intangible personal property, exemplified by stock certificates and bank accounts, are not included in that definition.
The stepson's argument is not without merit, however. He posits that if the testator had bequeathed a "shoe box and its contents" there would be no question that stock certificates contained therein would come within such a testamentary disposition. Sub judice, he equates a shoe box as being synonymous with a condominium villa. We do not agree with that equation.
It is uniformly recognized that extrinsic evidence is not admissible to vary, contradict ... or to show a different intention on the part of the testator from that disclosed by the language of the will. Id. at 482. Obviously, such extrinsic evidence is not to be countenanced if there is no ambiguity, latent or patent, which affects the ability to carry out the terms of the testamentary instrument. Id. at 482.
The word "contents" cannot be defined in isolation, but must be considered in the light of the surrounding language within the four corners of the will. In Re Estate of Lamb, 445 Pa. 323, 285 A.2d 163 (1971). In the case at bar, the will, in addition to leaving the house and "contents" to the stepson, left him $10,000 in cash. If all intangible personal property found in the house were contents thereof, check books, representing cash bank balances and financial institution passbooks would be included along with the stocks, rendering the $10,000 bequest meaningless. Moreover, it would also almost totally deplete the residuary estate and nullify the bequests to the residuary beneficiaries.
We adopt the language employed in the footnote contained in In Re Estate of Lamb to the effect that, when used in its ordinary sense, the phrase "contents of a home" designates those items of tangible personal property which convert an empty building into a habitable dwelling. Such a construction would suppose the inclusion of furniture, fixtures, floor coverings, electrical appliances, pictures, articles of decoration, linens, kitchen appliances, silverware, house and gardening tools, garden furniture and other articles of similar character commonly used to maintain a home. It would not, under the facts of this case, include intangible personal property.
Accordingly, we hold, sub judice, that the word "contents" is not ambiguous and agree with the trial judge that the devise of the villa and contents must be construed without resort to extrinsic evidence outside the four corners of the will. We further agree with the trial judge that this devise did not include any intangible *747 personal property other than the $10,000 bequest.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] Villa valued at $138,000. Contents: $4,000. Stocks: $377,000. Life insurance: $16,000. Passbooks and bank statements: $124,000. Cadillac: $5,000. Total estate: $664,000. (Figures approx. to nearest $1,000.)