525 So.2d 447 (1988)
George A. ADKINS, Personal Representative of the Estate of Frances A. Carter Ireland, Appellant,
v.
Kay WOODFIN, Appellee.
No. 4-86-2747.
District Court of Appeal of Florida, Fourth District.
April 27, 1988.
Rehearing Denied June 15, 1988.
*448 Edward McDonald, Fort Lauderdale, for appellant.
Frederick C. Heidgerd of Heidgerd & Martin, P.A., Fort Lauderdale, for appellee.
WEBSTER, PETER D., Associate Judge.
This appeal is from a final judgment admitting to probate a "separate writing" ostensibly disposing of certain property outside the decedent's will. We may affirm the judgment only if we conclude that the requirements of section 732.515, Florida Statutes (1985), have been satisfied.
Section 732.515 reads as follows:
Separate writing identifying devises of tangible property.  A will may refer to a written statement or list to dispose of items of tangible personal property not otherwise specifically disposed of by the will, other than money and property used in trade or business. To be admissible under this section as evidence of the intended disposition, the writing must be signed by the testator and must describe the items and the devisees with reasonable certainty. The writing may be referred to as one in existence at the time of the testator's death. It may be prepared before or after the execution of the will. It may be altered by the testator after its preparation. It may be a writing that has no significance apart from its effect upon the dispositions made by the will.
The only issue disputed in the trial court was whether decedent's will made reference to a "separate writing." Appellant, the personal representative of decedent's estate, argued that it did not and that, therefore, the proffered "separate writing" could not be admitted to probate. Appellee, the proponent of the "separate writing," contended that it did and that, therefore, the "separate writing" should be admitted to probate.
Appellee argued that language contained in Article IV of the will supplied the necessary reference to a "separate writing." The critical language (with emphasis added to the specific portion relied upon by appellee) reads as follows:
All the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, tangible and intangible of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this will, including all lapsed legacies and devises, and including all property which I have power of appointment and which I have not otherwise exercised or directed in writing, I devise as follows... .
The personal representative's position was that the emphasized language merely referred to property over which the decedent might have had a power of appointment, which power of appointment had not been exercised in writing. According to him, it did not refer to a "separate writing." The trial court found the language to be ambiguous and, over the personal representative's objection, permitted parol evidence for the purpose of determining decedent's intent. Its judgment is based principally upon the parol evidence presented. Thus, the outcome of this appeal hinges on whether the quoted portion of the will is ambiguous, thereby justifying presentation and consideration of parol evidence regarding decedent's intent. This is a question of law.
Certainly, in construing a will primary consideration must be given to the testator's intent and, when consistent with law and public policy, the intent of the testator should be honored. Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983). "However, it is the intention which the testator expresses in the [will] that governs, not that which he might have had in mind when it was executed." Barnett First National Bank of Jacksonville v. Cobden, 393 So.2d 78, 80 (Fla. 5th DCA 1981). When the terms of the will are, themselves, clear and unambiguous, there is no reason to engage in construction. *449 First National Bank of Florida v. Moffett, 479 So.2d 312 (Fla. 5th DCA 1985); Barnett First National Bank of Jacksonville v. Cobden, 393 So.2d 78 (Fla. 5th DCA 1981). Extrinsic, including parol, evidence should be considered only if the language used in the will is ambiguous. Souder v. Johnson, 501 So.2d 745 (Fla. 4th DCA 1987); Campbell v. Campbell, 489 So.2d 774 (Fla. 3d DCA 1986).
We find nothing ambiguous about the critical language contained in Article IV of decedent's will. Clearly, the phrase "which I have not otherwise exercised or directed in writing" is intended to refer to "power of appointment," which it immediately follows; rather than to property disposed of by some writing separate and apart from the will. Such a conclusion is consistent with the language of Article IV, read as a whole, which appears intended as a complete disposition of the residue of decedent's estate. It was, therefore, error to permit and to consider parol evidence regarding decedent's intent.
It being clear that the phrase "which I have not otherwise exercised or directed in writing" is intended to refer to "power of appointment" rather than to property disposed of by some writing separate and apart from the will, there is no reference in the will to "a written statement or list" in existence or to be prepared. Thus, a critical requirement of section 732.515 has not been satisfied and the purported "separate writing" may not be admitted to probate. Accordingly, we reverse the final judgment of the trial court admitting the purported "separate writing" to probate, and remand with directions that the trial court revoke probate of the purported "separate writing" and distribute the property referred to therein according to Article IV of the will.
REVERSED and REMANDED, with directions.
GUNTHER, J., concurs.
STONE, J., dissents without opinion.