FARMER, Judge.
The question involved in this appeal is whether the term, “my entire estate,” in a will refers to only the probate estate or, instead, includes both the probate estate and property passing outside the estate as inter vivos gifts and jointly held survivorship property. We hold that it has only the former meaning and reverse a probate judgment to the contrary.
The trial judge explained the expansive meaning he gave to the term as follows:
“After hearing the testimony and viewing the evidence, the Court is convinced that Mr. Riggs intended to keep on doing business in the same old way. Mr. Riggs was very ill the last four months of his life. He was dying from cancer, and succumbed August 8, 1989. During these last four months, and especially in the last few days of his life, a lot of paper was put before him, most of that appearing contrary to how Mr. Riggs had done business in a healthier life. Drastic changes occurred in the way he was to hold his property. The Court understands that much of this is in litigation in other courts and jurisdictions.
“But the question before this Court at this time is what did Mr. Riggs intend to do by his Last Will and Testament. The Court will use as one of its guides, the way Mr. Riggs had done business and conducted his life in business and in person up to the time he made this will.
“Mr. Riggs owned property in Florida, New York and Pennsylvania. He wanted his wife to have no more then [sic] what used to be called a dower right (now called ‘elective share’) of his estate starting with the Florida property, and then going to other property if necessary, counting any jointly held property and property he had gifted [sic] her against that one-third share. To show that intent, he made an example in paragraph fifth and incorporated paragraph fifth in paragraph sixth. The Court construes that he further emphasized the use of Florida property in paragraphs ninth, tenth and eleventh.
[[Image here]]
“The Court implements paragraphs fifth, ninth, tenth and eleventh into paragraph sixth so that Sondra Scott Riggs will take one-third of DYKES JAMES RIGGS, SR.’s estate, the one-third value including property held by them jointly or gifted [sic] to her by Riggs during his lifetime, beginning with the Florida property. If the Florida property doesn’t make up one-third of the estate then the personal representative can look to the property in New York, Pennsylvania to satisfy that bequest. The gifts, bequests and devisees [sic] that were left undisturbed in paragraph sixth were those set out in paragraphs third and fourth, and the magic words being ‘here-tobefore [sic] stated.’”
Final Judgment, 1-3. Under the rubric of judicial construction, the probate court has effectually rewritten the testator’s will.[1]
There is no ambiguity in the words, “my entire estate,” requiring construction.[2] See *1134 tion 731.201(12), Florida Statutes (1989), directs that the term “ ‘Estate’ means property of a decedent that is the subject of administration.” When the maker of a will uses a term defined in the Florida Probate Code, there is every reason to suppose that the person used the word in its statutory sense and no reason to suppose otherwise. Nor does the addition of a modifier such as “entire” challenge the presumption or introduce any doubt into the usage. Unless the court first concludes that a will is ambiguous, it is error to engage in construction of it. As we had occasion only recently to say:
“ ‘it is the intention which the testator expresses in the [will] that governs, not that which he might have had in mind when it was executed.’ Barnett First National Bank of Jacksonville v. Cobden, 393 So.2d 78, 80 (Fla. 5th DCA 1981). When the terms of the will are, themselves, clear and unambiguous, there is no reason to engage in construction. First National Bank of Florida v. Moffett, 479 So.2d 312 (Fla. 5th DCA 1985); Barnett First National Bank of Jacksonville v. Cobden, 393 So.2d 78 (Fla. 5th DCA 1981). Extrinsic, including parol, evidence should be considered only if the language used in the will is ambiguous. Souder v. Johnson, 501 So.2d 745 (Fla. 4th DCA 1987); Campbell v. Campbell, 489 So.2d 774 (Fla. 3d DCA 1986).” [e.o.]
Adkins v. Woodfin, 525 So.2d 447, 448-449 (Fla. 4th DCA 1988). In this case the trial judge was apparently led into construing the will as he did because he first admitted parol and extrinsic evidence from heirs who would take less than if the will were enforced as written. Indeed he never really made a finding that the will was ambiguous.
Because we conclude that the will was clear that the surviving wife was to take one-third of the entire probate estate, without consideration as to nonprobate inter vivos gifts or property held by the decedent and his wife as tenants by the entireties, it was error both to admit the evidence and then to construe the will as the trial judge did.
REVERSED.
GLICKSTEIN, J., and BROWN, LUCY, Associate Judge, concur.

. There is no question that the properties described in, and ostensibly passing under, paragraphs FIFTH, NINTH, TENTH and ELEVENTH of the will were all properties held by the decedent and his wife as tenants by the entire-ties. At the moment of his death, her ownership of those properties became sole rather joint. The provision of his will purporting to devise those properties was ineffective to affect her sole ownership. Lopez v. Lopez, 90 So.2d 456 (Fla.1956). That fact creates no ambiguity, however, as to the clear text of paragraph SIXTH.

. To give context to the reader, we reprint paragraph SIXTH of the will in its entirety:
"SIXTH: I further give, devise and bequeath to my wife, SONDRA SCOTT RIGGS, one-third (½) of my entire estate to be appraised as to its value at the time of my death. It is my intention and direction that my said wife take *1134 first the gift, devise and bequest stated in paragraph FIFTH herein and then from my other properties located in Florida, whether real or personal, and then from my other properties in ascertaining this value, leaving undisturbed, if possible, the gifts bequests and devises heretofore' stated in this Will.”