CARROLL, Judge. -
This is an appeal by a beneficiary under a will from an order of the probate court ruling on a petition for construction of the will.
The will contained the following paragraph designated as Paragraph VIII, viz:
' “I give and bequeath to my husband, Meyer Gold, the sum of Fifty Thousand ($50,000.00) Dollars, in trust nevertheless, to invest and reinvest the same, to collect the rents, income and profits thereof, and to pay over such part or all of the income and principal of such trust, as he shall in his sole and unrev-ocable discretion determine to be desirable to such religious, charitable, scientific, literary or educational institutions and/or corporations organized and operated exclusively for such purposes, at the time of my death, or to be organized and so operated after my death, as he may designate; provided, however, that no institution or corporation of the character above mentioned shall be selected unless such testamentary gift unto such institution or corporation would be exempt from Federal Estate Taxes.
“In the event my husband shall die before disposing of the complete res of the trust fund established herein, then the remainder of this trust fund, at the time of his death not disposed of, shall ibe divided into three (3) parts, to be disposed of as follows: Two parts, I give, devise and bequeath to the University of Miami, located in Coral Gables, Florida; and One part, I give, devise and bequeath to New York University, located in the City of New York, New York.
“I expressly confer upon my husband, Meyer Gold, all powers necessary in the performance of his duties as Trustee, excusing him from giving any bond or making any reports whatsoever.”
The trustee named in the above quoted portion of the will, the husband of the testatrix, predeceased her. The appellant, Charlotte Frankel, a sister of the testatrix, was her next of kin. The will contained specific bequests to a number of more distant relatives. The will also made a substantial provision in favor of Charlotte Frankel, the sister of the testatrix. It provided that $40,000 should be held in trust, and that during her lifetime Charlotte Frankel should receive therefrom $400 per month out of the principal plus interest (payable annually) accruing on the unpaid principal balance. It was further provided, as an indirect benefit to the sister Charlotte Frankel, that upon the death of the latter, if survived by her husband, the husband should be paid similar amounts from the trust during his lifetime.
On the executor’s petition for construction of the will with reference to the charitable trust provision quoted above, the probate court held that the power or privilege of selection of charitable recipients thereunder, as given to the trustee, was personal to the husband of the testatrix who was named as trustee, and, therefore, there was no need to appoint a successor trustee. In effect the court then construed the provision, and we feel correctly so, as entitling the named charitable beneficiaries to take thereunder (University of Miami for two thirds and New York University for one third) for inability or failure of the party given the power to do so to name or select other charitable recipients thereof.
We have considered the arguments and record, and in the opinion of this court the appellant has failed to show reversible error.
The facts were not in dispute, and the decision of the probate court, which was essentially one of construction, was in accordance with the general principles of law applicable. That decision of the trial court comes here with a presumption of correctness, and has added support in the rule applied in such cases that in construing a will the terms of which would permit two constructions, one resulting in *907 a valid testamentary disposition and the other in an intestacy, the latter is disfavored (In re Gregory’s Estate, Fla.1964, 70 So.2d 903), and the rule that a provision for charitable gift will be construed liberally and upheld if reasonably susceptible of a construction which gives it validity. 34 Fla.Jur., Wills, § 51.
Accordingly, the order appealed from is affirmed.
Affirmed.