BARKDULL, Judge.
Luby Lee Roberts, Sr. appeals an order denying his petition for administration (without Will) and granting Terry Dean Bolton’s petition to admit a Will for probate.
The Will of the deceased provided that he and his wife bequeathed their estates to each other and, further: “If my said wife and I should die in a common * * * disaster, we do give * * * all our said estate to our nephew, Terry Dean Bolton.” [emphasis added] Prior to the deceased’s death he had been divorced. After his death, his wife filed a petition for the determination of beneficiaries. Roberts, Sr., as sole heir at law, filed a petition for administration without Will and Bolton filed a cross-petition for probate. The trial court found that the ex-wife’s interest had been voided by the dissolution and accompanying settlement agreement and, on the authority of In Re Estate of Wood, 226 So.2d 46 (Fla.2d DCA 1969), determined that there was sufficient ambiguity in the common disaster clause of the Will to warrant an evidentiary hearing on the Will’s effect. The trial judge’s order reads, in part, as follows:
******
“It is the position of LUBY L. ROBERTS, SR. that the Will executed by the decedent on May 14, 1964 is ineffectual and therefore the estate of the decedent passes to his father under the laws of descent and distribution. It is the position of TERRY DEAN BOLTON that the same Will is ambiguous and that parol evidence is consequently admissible to show the intent of the decedent, namely, to make TERRY DEAN BOLTON the sole devisee of his estate. By Order of June 24,1977, the Court, relying on In Re Woods Estate, 226 So.2d 46, certiorari denied 232 So.2d 181, found that because there was no residual clause in the Will there was sufficient ambiguity to warrant an evidentiary hearing which was granted and which has now been conducted and the parties have submitted the matter to the Court upon Memoranda of Law.
******
*271 “Turning now to the extrinsic or parol evidence received by the Court at the evidentiary hearing, the Court finds from the unrefuted and uncontradicted testimony that it was the intention of the decedent to make TERRY DEAN BOLTON in effect the residual beneficiary of his estate. The record supports many good and sufficient reasons which prompted such motivation over blood kindred and being unrefuted and uncontra-dicted the Court is bound by its effect.
“In reaching this overall conclusion, the Court is prompted by a proposition of probate law for which no citation of authority is necessary. First that the law of probate favors testacy over intestacy; and secondarily, but not in that order, the intention of the testator is the polar star by which a probate court sets chart and compass to ascertain the intentions of a testator. Mr. Roberts, Sr., in opposition, has cited a wealth of authorities not only from this jurisdiction but from others. This Court is very much in the position that the trial court was in in In Re Woods Estate, 226 So.2d 46, 48:
“ ‘The Court is not ignoring the strong argument of the heirs nor the law as presented to the Court. The cases cited to the Court by the heirs are most persuasive. They do present, however, only rules and canons of interpretation. All of these rules and canons are devises (sic) contrived by our Courts to arrive at one ultimate conclusion: The testamentary intent of the Testator. The Court is further aware this particular point is a matter of first impression in the State of Florida, and one not to be decided lightly. However to follow these rules and canons blindly merely because they have controlled some cases in other jurisdictions in the past would, in this case, violate and destroy an overall testamentary scheme clearly set forth, but ineptly expressed.’
Had not the Florida Supreme Court denied certiorari (which the Court recognizes is not decision on the merits) it nonetheless indicates, the Supreme Court recognized that many of the decisions relied upon by counsel for Mr. Roberts, Sr. were simply inapposite in circumstances like those presented here which most nearly conform to In Re Woods Estate, supra.”

******

We affirm the action of the trial judge. It is a close question as to whether or not he should have taken testimony in the first instance; however, we cannot see on this record that it was error for him to entertain evidence in order to construe the Will. See: Fuller v. Tod, 63 So.2d 316 (Fla.1953); Pancoast v. Pancoast, 97 So.2d 875 (Fla.2d DCA 1957); In Re Mullin’s Estate, 133 So.2d 468 (Fla.2d DCA 1961); In Re Estate of Wood, supra. There is no doubt, after examining the evidence submitted, that the ruling was correct in accordance with the evidenced wishes of the deceased by oral representations during his lifetime. In Re Baldridge’s Estate, 74 So.2d 658 (Fla.1954); In Re Thompson’s Estate, 84 So.2d 911 (Fla.1955); In Re Estate of Brown, 201 So.2d 616 (Fla.4th DCA 1967); In Re Estate of Wood, supra.
Therefore, the order appealed herein is hereby affirmed.
Affirmed.