437 So.2d 788 (1983)
Stuart A. DUTCHER, Appellant,
v.
The ESTATE OF Loreta B. DUTCHER, Appellee.
No. 82-2688.
District Court of Appeal of Florida, Second District.
September 16, 1983.
Craig C. Villanti, New Port Richey, for appellant.
W. Lowell Bray, Jr. of Allgood, McPherson, Bray & Misemer, New Port Richey, for appellee.
*789 RYDER, Judge.
Stuart Dutcher, the only child of Loreta B. Dutcher, appeals from an order holding that his children (Loreta Dutcher's grandchildren) are the principal beneficiaries of the decedent's estate. We reverse.
This case provides yet another example of the difficulties which might arise when a testatrix seeks to dispose of her property by way of a do-it-yourself will. In the accurate words of the trial court: "This court has seen many `do-it-yourself' wills in the past twenty-five years, but it would be difficult to recall a self-prepared will as poorly written as the will in issue."
Simply put, the will of Loreta Dutcher attempts to devise and bequeath the majority of her estate either to appellant or to appellant's children. The two provisions involved appear to conflict due to poor wording by the testatrix. Furthermore, each provision is itself somewhat ambiguous. Because of these difficulties, appellant, as personal representative of the estate, filed a petition for determination of beneficiaries and for appointment of a guardian ad litem. A guardian ad litem was appointed to represent appellant's minor children.
Two hearings were held before the trial court. The testimony of four witnesses, including appellant and his wife, was admitted into evidence.[1] The testimony dealt with the decedent's intentions concerning the ultimate disposition of her property. The testimony indicated that it was the decedent's wish to devise and bequeath her property to appellant, and if appellant predeceased her, the property would be left to appellant's children. The good relationship between the testatrix and appellant was also noted.
The trial court found that two paragraphs of the will "appear to conflict," and while both are difficult to understand, one "is so obscure as to make its meaning a nullity." The court then held that the legal children of appellant are the principal beneficiaries of the estate. Following the denial of appellant's motion for rehearing, appellant timely filed this notice of appeal. We have jurisdiction.[2]
It is well settled that the primary consideration in construing a will is ascertaining the intent of the testatrix. The will as a whole should be considered to determine the testatrix' intent and her general scheme of disposition. If possible, and when consistent with law and public policy, the testamentary intent of the testatrix is to be effectuated. In Re Estate of Wagner, 423 So.2d 400 (Fla. 2d DCA 1982); In Re Estate of Lesher, 365 So.2d 815 (Fla. 1st DCA 1979); § 732.6005, Fla. Stat. (1981).
In the case sub judice, the intent of the testatrix is not "crystal clear." Nevertheless, such a difficulty will not require a holding that the will fails and the property must be disposed of according to rules of intestate succession. Intestacy is not favored over a disposition under a will where construction of the will leads to a valid testamentary disposition. In Re Gregory's Estate, 70 So.2d 903 (Fla. 1954); In Re Estate of Gold, 189 So.2d 905 (Fla. 3d DCA 1966).
In considering the validity of a testamentary disposition where there is an ambiguity in a will, extrinsic evidence is admissible into evidence. The evidence may be admitted to explain or resolve the uncertainty or doubt so that the probate court will be better able to effectuate the true dispositive intent of the testatrix. In Re Estate of Wood, 226 So.2d 46 (Fla. 2d DCA), cert. denied, 232 So.2d 181 (Fla. 1969); In Re Estate of Mullin, 133 So.2d 468 (Fla. 2d DCA 1961). See also In Re Estate of Rice, 406 So.2d 469 (Fla. 3d DCA 1981), petition for review denied, 418 So.2d 1279, 1280 (Fla. 1982); In Re Estate of Roberts, 367 So.2d 269 (Fla. 3d DCA), cert. denied, 378 So.2d 348 (Fla. 1979).
*790 In this case, the trial court admitted extrinsic evidence to assist in resolving uncertainties contained in the will, and to aid in the determination of the intent of the testatrix. While the record presented to this court does not reflect any proper objection to the taking of the testimony and its admission into evidence, even if there had been a timely and proper objection it is clear that the evidence was correctly admitted.
All of the testimony presented to the court to aid in discerning the intent of the testatrix supports the conclusion that appellant is the principal beneficiary of the will. In declaring that the provision which appears to make appellant the principal beneficiary is a nullity, the trial court ignored the properly admitted evidence and chose, without justification, one provision of the will over another. The holding of the trial court that the children of appellant are the principal beneficiaries is unsupported by the record. See In Re Estate of Zimmerman, 84 So.2d 560 (Fla. 1956).
One other principle in the construction of wills applies to this case. If there is an irreconcilable conflict between two provisions in a will, the latter provision will usually prevail as being the last expression of the intention of the testatrix where the provisions refer to the same subject matter. Of course, where possible, the two provisions are to be construed in such a manner as to harmonize them; if this is not possible, the first provision is rejected only to the extent necessary to give effect to the latter provision. In Re McMillan's Estate, 158 Fla. 898, 30 So.2d 534 (1947); In Re Estate of Rogers, 180 So.2d 167 (Fla. 2d DCA 1965).
Paragraph "thirdly" in the will of the testatrix could be read as devising and bequeathing the decedent's property to appellant's children. Paragraph "sixthly" could be read as devising and bequeathing the decedent's property to appellant. Even without considering the testimony presented to the trial court, and taking into consideration the "four corners" of the will, the enunciated principle dealing with the irreconcilable conflict of two provisions in the will would require reversal of the trial court. See In Re Estate of Zimmerman, supra. The appellant should have been declared beneficiary of the will. The extrinsic evidence confirms this result.[3]
For the foregoing reasons, we hold that the trial court erred in determining that appellant's children are the principal beneficiaries under the will of Loreta B. Dutcher. We further hold that appellant is the principal beneficiary of the estate of Loreta B. Dutcher.
REVERSED.
SCHEB, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The first hearing was unreported; however, the parties stated on the record, at the second hearing, the substance of the testimony from the first hearing.
[2] Fla.R.P. & G.P. 5.100; Fla.R.App.P. 9.030(b)(1)(A).
[3] While the testimony of appellant and his spouse may be seen as self-serving, the testimony of the other two individuals, both of whom were witnesses to the execution of the will, supports the result which we reach.