UPCHURCH, Judge.
Robert and Linda Elliott appeal an order in probate determining the right to real property under the will of Ernest Krause. The principal asset of the estate is Lot 8, Block 20 of Tracy’s Point Subdivision.
Marie and Ernest Krause executed a joint will in January 1955 which provided that, after certain specific bequests, the surviving spouse would receive the property of the deceased spouse but upon the death of the survivor, the estate would be divided equally between Marie’s nephew, appellant Robert Elliott, and Ernest’s son, appellee Richard Krause. The ultimate disposition of the property was complicated by the following provisions of the joint will:
A. Real Estate
We bequeath, grant, give, transfer and convey to the survivor of the other herein all the real estate and appurtenance located thereon, regardless of whatsoever kind or nature, regardless of wheresoever same is situated or located and regardless of amount or value in fee simple that the deceased party herein has at the time of his or her death, to do with and handle as the survivor cares to do, including the selling of any portion or all of said real estate so left if such is desired by the survivor and beneficiary.
B. Personal Property
******
5. At the death of the survivor of the undersigned whatever property, real, personal, tangible or intangible owned by either of them, said property is hereby bequeathed, granted, conveyed, set over, and transferred to Robert Elliott and Richard Krause, each to share equally in said properties; each *957 receiving a one-half interest in same. If said properties cannot be divided agreeably, then same shall be sold under court supervision and the proceeds of said property sales shall be divided equally between said named beneficiaries. (emphasis added)
The parties took title to Lot 8 as tenants by the entirety in 1961, but in 1970 they executed and recorded an agreement which converted title to a tenancy in common with each spouse reserving a life estate.
In 1977, Marie Krause died and later that year, Ernest executed a new will leaving all of his property to his son Richard, contrary to the provisions of the joint will. Ernest died in 1982 and this dispute arose.
The first question we address is whether there was a binding oral agreement between Marie and Ernest Krause not to revoke the joint will. There was no express proof of such an agreement, even assuming that section 731.051(2), Florida Statutes (1959) does not apply.[1] The only evidence of an oral agreement is the joint will itself, the 1970 agreement and some letters from Marie to Robert Elliot indicating that she expected her one-half interest in the lot would pass to him. There is also evidence that the parties had no agreement not to revoke because the 1970 agreement refers to his will and to her will and not to the joint will, indicating that the parties contemplated the possibility of changing the joint will. In these circumstances, we must affirm the court’s finding that there was no agreement not to revoke the joint will.
The next question we address is how the property was to be devised. According to the terms of the 1970 agreement, upon Marie’s death her one-half interest would go to Ernest for life and upon his death to her heirs at law or in accordance with her last will and testament. Marie’s last will and testament was the joint will. Under paragraph A quoted above and labelled “Real Estate”, the will designates the surviving spouse as beneficiary. The Elliotts argue that paragraphs A and B are conflicting because paragraph B labelled “Personal Property” specifically includes real property. We conclude that the inclusion of the word “real” in the paragraph labelled “Personal Property” was simply a scrivener’s error. Obviously Ernest and Marie Krause intended to treat real property in paragraph A and personal property in paragraph B separately and therefore the word “real” in paragraph B should be disregarded.
We conclude that the trial court was correct in finding that upon the death of Marie, her one-half interest went to Ernest and, upon his death, according to the terms of his new will. Accordingly, the judgment is affirmed.
COBB, C.J., concurs.
SHARP, J., concurs in part, dissents in part, with opinion.

. That provision abolishes oral contracts, but it does not apply to contracts entered into prior to this law’s date of passage — 1958. Hagan v. Laragione, 170 So.2d 69 (Fla. 2d DCA 1964).