489 So.2d 774 (1986)
Richard W. CAMPBELL and Harold T. Collins, Appellants,
v.
Gladys B. CAMPBELL, Ira M. Elegant, As Guardian Ad Litem and Florida National Bank, As Co-Personal Representative of the Estate of Harold G. Campbell, Appellees.
No. 85-1848.
District Court of Appeal of Florida, Third District.
April 29, 1986.
On Motion for Rehearing June 10, 1986.
*775 Sherman & Fischman and Bruce Fischman, Miami, for appellants.
Edward I. Golden and Paul M. Cowan, Buchbinder & Elegant and Ira Elegant, Miami, Joseph H. Murphy, Jr., Coral Gables, for appellees.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The appellants, the brother and nephew of the testator, seek review of an order which construed the will of Harold G. Campbell as unambiguously granting them a total of one-third of his holdings in a Pennsylvania business partnership. They contend that the will itself gives rise to a reasonable uncertainty as to whether they were instead each entitled to a one-third interest and that proffered extrinsic evidence of the decedent's intent should therefore have been considered below. We agree and reverse for resolution of the controversy after an evidentiary hearing.
The instant dispute arose when the personal representative of Campbell's estate petitioned for the construction of, among others, the following portion of his will:
[II] (f) I give, devise and bequeath unto Richard W. Campbell, my brother, and Harold T. Collins, my nephew, in equal proportions all my real estate upon which is situate the Williamsport Candy Company and Williamsport Sporting Goods *776 Company, located on Montoursville Road, Williamsport, Pennsylvania, together with an undivided one-third (1/3) interest in my partnership holdings in said concern. I further give and bequeath unto Robert Guthrie and Charles J. Campbell, an undivided one-sixth (1/6) interest apiece in my partnership holdings in said concern. [e.s.]
At the hearing on the petition, the present appellees  the personal representative, Gladys Campbell, the testator's widow and principal residuary legatee, and the guardian ad litem  all contended that the emphasized portion of the devise unambiguously granted only one-third of Harold's interest in the Williamsport Candy and Sporting Goods partnership to both Richard Campbell and Collins. Considering the one-sixth interest "apiece" granted to Guthrie and Charles Campbell, this would pass only two-thirds of the business holdings, leaving the remaining one-third to fall into the residue. Richard Campbell and Collins, proffering evidence beyond the face of the will in support of their contention,[1] argued on the other hand that they were each to receive one-third of the partnership, thus resulting in a disposition of all of the property.
The trial court declined to consider the proffered evidence ruling as follows:
[I]n regard to paragraph II (f) of the Last Will and Testament of HAROLD G. CAMPBELL, Deceased, dated August 5, 1974, as said paragraph relates specifically to the decedants devise of his Partnership holdings in the Williamsport Candy Company and Williamsport Sporting Goods Company, that no ambiguity exists in the language of said paragraph and that distribution of the Decedant's Partnership holdings shall be as follows:
(a) One third (1/3) to be divided equally between Richard W. Campbell and Harold T. Collins.
(b) One Sixth (1/6) to Robert W. Guthrie.
(c) One Sixth (1/6) to Charles J. Campbell.
(d) One third (1/3) to become part and parcel of the residuary of said estate which shall be determined and to be distributed in accordance with the provisions thereof.
We find error in this conclusion.
In considering the appellants' sole contention that the proper interpretation of paragraph II (f) may be resolved only after consideration of parol and extrinsic evidence, we start with the apodictic principle *777 that such evidence may be received if, but only if, the will is in some way "ambiguous." Perkins v. O'Donald, 77 Fla. 710, 82 So. 401 (1919); Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA 1983), pet. for review denied, 440 So.2d 352 (Fla. 1983); In re Estate of Rice, 406 So.2d 469 (Fla. 3d DCA 1981), pet. for review denied, 418 So.2d 1280 (Fla. 1982). Everyone agrees with this proposition; the argument is, as usual, only over whether an ambiguity in fact exists in this particular instance. Contrary to the determination below, we conclude that there is a "patent ambiguity"[2]  that is, a genuine uncertainty which results in alternative possible reasonable constructions of the language of the will; Rice, 406 So.2d at 476  as to whether II (f) gave each of the appellants or both of them together one-third of the partnership.
In our view, this ambiguity appears on the face of II (f) in two separate respects:
1. The result of the interpretation adopted below, although it acknowledgedly tracks the literal language of II (f), is that Richard Campbell and Harold T. Collins, sharing as they do a one-third interest, each receive an undivided one-sixth interest in the partnership. But this is exactly what Guthrie and Charles J. Campbell explicitly receive under the totally unambiguous next sentence of the same paragraph. Grave doubt is cast upon the acceptability of the outcome reached below by the fact that the testator used entirely different expressions supposedly to grant the four persons the same respective interests. Just as it is recognized that the same words used in two parts of an instrument are deemed to mean the same thing in both places, 17A C.J.S. Contracts § 303 (1963); 17 Am.Jur.2d Contracts § 248 (1964), so, as in this case, the use of different language strongly implies that a different meaning was intended. See Persinger v. Islamic Republic of Iran, 729 F.2d 835, 843 (D.C. Cir.1984) ("When Congress uses explicit language in one part of a statute to cover a particular situation and then uses different language in another part of the same statute, a strong inference arises that the two provisions do not mean the same thing. See Russello v. United States, 464 U.S. 16, 104 S.Ct. 296, 300, 78 L.Ed.2d 17 (1983); United States v. Martino, 681 F.2d 952, 954 (5th Cir.1982) (en banc), quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir.1972)."), cert. denied, ___ U.S. ___, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984). Thus, the common sense observation that if Campbell wanted to leave the appellants one-sixth each as he clearly did Guthrie and Charles Campbell, he would have said so in the same way, leads to the eminently reasonable conclusion that, by not doing so, he may have intended something else.
2. As has been noted, the application of the "one-third plus two one-sixths" version of II (f) has the consequence of disposing of only two-thirds of the partnership interest in an ongoing business. But this result is contrary both to the thrust of II (f) as a whole, which plainly transfers all the realty upon which the business is located, and otherwise evinces an intent to dispose of the entire business; and to the common pattern of the entire will, which nowhere else specifically devises only a portion of a particular asset. See Albury v. Albury, 63 Fla. 329, 58 So. 190 (1912) (will must be construed as a whole). A clear internal conflict thus exists between the quite-obvious, and quite-obviously sensible, intention to keep the business together and the anomalous one-third lacuna created by the failure of the actual words employed to accomplish that result. See In re Estate of Gibson, 19 Ill. App.3d 550, 312 N.E.2d 1 (1974) (ambiguity created when only nine persons designated to receive one-eighteenth share each of residue properly resolved after consideration *778 of extrinsic evidence); In re McNeil's Estate, 35 Misc.2d 891, 233 N.Y.S.2d 531 (Sur.Ct. 1962), aff'd, 18 A.D.2d 170, 238 N.Y.S.2d 389 (1963) (ambiguity created by conflict between will computation setting up five shares of estate and "draftsman's formula [which] requires distribution of seven shares"); cf. Annot., Proper Disposition Under Will Providing for Allocation of Express Percentages or Proportion Amounting to More or Less Than Whole of Residuary Estate, 35 A.L.R. 4th 788 (1985).
In sum, reasonable persons reading paragraph II (f) could fairly differ as to the interest in the partnership the appellants were meant to receive. They were therefore entitled to present appropriate extrinsic evidence, see In re Mullin's Estate, 133 So.2d 468 (Fla. 2d DCA 1961); see also Hays v. Illinois Industrial Home for the Blind, 12 Ill.2d 625, 147 N.E.2d 287 (1958), indicating the construction which reflects the testator's true intention and which therefore should be adopted. In re Estate of Roberts, 367 So.2d 269 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 348 (Fla. 1979); Gibson.
Reversed and remanded with directions.

On Motion for Rehearing
The guardian ad litem's motion for rehearing[1a] claims that our determination that extrinsic evidence is admissible in the case of a so-called "patent" ambiguity in a will, and is not confined to resolving a "latent" ambiguity, is "totally at variance with the settled law of Florida." We disagree.
In fact, the courts of our state  without characterizing the "type" of ambiguity involved, presumably because it was unnecessary to do so  have long approved the admission of extrinsic or parol evidence to resolve "patent" ambiguities, those arising when the provisions of the will itself are conflicting or unclear. E.g., Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983); In re Estate of Roberts, 367 So.2d 269 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 348 (Fla. 1979); In re Mullin's Estate, 133 So.2d 468 (Fla. 2d DCA 1961); see also In re Estate of Wood, 226 So.2d 46 (Fla. 2d DCA 1969) (erroneously describing the ambiguity as "latent"), cert. denied, 232 So.2d 181 (Fla. 1969).[2a] Accordingly, we plainly stated in In re Estate of Rice, 406 So.2d 469 (Fla. 3d DCA 1981), pet. for review denied, 418 So.2d 1279 (Fla. 1982):

In the circumstance of patent or latent ambiguity, extrinsic evidence which bears upon the testator's intent is admissible. But a latent ambiguity is one which arises in applying the words of a will to the subject matter or object of a devise or to the devisee. Perkins v. O'Donald, 77 Fla. 710, 82 So. 401, 404 (1919); Scheurer v. Tomberlin, 240 So.2d 172 (Fla. 1st DCA 1970). A patent ambiguity is one that appears in the language of a will itself. [emphasis supplied]
406 So.2d at 476.[3]
Thus, our original opinion does not change the law. It merely acknowledges the already accomplished fact that the modern and clearly-preferable view which ascribes no significance to the ancient, essentially meaningless distinctions between kinds of ambiguity prevails in Florida. See 4 Page on Wills § 32.8 (W. Bowe & D. Parker rev. ed. 1961); Restatement of Property §§ 241 comment a, 242 comment g (1940); 9 Wigmore On Evidence §§ 2472, 2473 (J. Chadbourn rev. 1981); e.g., Weir v. Leafgreen, 26 Ill.2d 406, 186 N.E.2d 293, 296 (1962) ("We do not feel that it is necessary to decide whether or not a particular *779 ambiguity is patent or latent and hold that, if the will, when considered as a whole and in light of the surrounding circumstances, is ambiguous, extrinsic evidence may be considered in construing it."); Annot., Admissibility of Extrinsic Evidence to Aid Interpretation of Will, 94 A.L.R. 26, 57-65 (1935).
Motion for rehearing denied.
NOTES
[1] They proffered two areas of testimony:

(a) their own depositions which stated that only the named beneficiaries, together with Harold before his retirement, were active in the operation of the Williamsport business; thus indicating the unlikelihood that Harold would have desired that any interest pass to anyone else, let alone his wife, who was the beneficiary of the residuary clause but who played no part in the concern, and
(b) the more significant deposition of Campbell's Pennsylvania attorney who had drawn the will and who stated that the testamentary intent was indeed as the appellants asserted; this testimony suggested that the omission of the word "apiece," which followed the dispositions to Guthrie and Charles Campbell, from the otherwise identical language granting the appellants the disputed "one-third (1/3) interest" was simply a scrivener's error.
In essence, the appellants contended that the testator's intent would be effected by reading the provision as if the omitted word were present. Thus, the clause, they said, was intended to read:
[II] (f) I give, devise and bequeath unto Richard W. Campbell, my brother, and Harold T. Collins, my nephew ... together with an undivided one-third (1/3) interest [apiece] in my partnership holdings in said concern. I further give and bequeath unto Robert Guthrie and Charles J. Campbell, an undivided one-sixth (1/6) interest apiece in my partnership holdings in said concern.
See In re Estate of Wood, 226 So.2d 46, 50 (Fla. 2d DCA 1969) ("the courts may construe a will as if words were inserted therein when such words were omitted solely by inadvertence or oversight and are essential to the expression of the testator's manifest intention"), cert. denied, 232 So.2d 181 (Fla. 1969); 4 Page on Wills § 30.25 (W. Bowe & D. Parker rev. ed. 1961) ("This power may extend to construing a will as if words were inserted therein, where it appears clearly on its face that such words were omitted solely by inadvertence, and are essential to the expression of testator's manifest intention; or to construing it as if words which actually appear therein were omitted.").
[2] The other type of cognizable ambiguity is a "latent ambiguity" which occurs when attempting to apply the language of a will to the actual "subject matter or object of a devise or to the devisee," Rice, 406 So.2d at 476. No "latent ambiguity" is involved in this case. The decisions cited by appellant which concern, for example, misdescriptions of property designated in a will, e.g., Albury v. Albury, 63 Fla. 329, 58 So. 190 (1912), are therefore inapposite on this issue.
[1a] None of the other appellees have sought rehearing.
[2a] While Perkins v. O'Donald, 77 Fla. 710, 82 So. 401 (1919) does contain dictum, in the form of quotations from 18th and 19th century authorities, that only "latent," and not "patent," ambiguities are susceptible to parol evidence, the actual holding of the case was that the clear but erroneous description of a lot (22) which the testatrix did not own but which was next to one she did (21) was neither a patent nor a latent ambiguity (with the result that the lot passed by intestacy).
[3] Rice was cited with approval on this issue in Dutcher v. Estate of Dutcher, 437 So.2d at 789.