531 So.2d 74 (1987)
Robert E. ELLIOTT, et Ux., Petitioners,
v.
Richard E. KRAUSE, et al., Respondents.
No. 68911.
Supreme Court of Florida.
April 30, 1987.
Rehearing Denied September 20, 1988.
John L. O'Donnell, Jr. and G. Charles Wohlust of DeWolf, Ward & Morris, P.A., Orlando, for petitioners.
John Coniglio, Wildwood, and Michael J. Coniglio, Tallahassee, for respondents.
KOGAN, Justice.
We have for review Elliott v. Krause, 490 So.2d 956 (Fla. 5th DCA 1986), which expressly and directly conflicts with Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983). This Court has jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. This case concerns the testamentary intent of a testatrix whose one-half interest in an improved piece of real property known as lot eight passed pursuant to the terms of a joint will. We quash the decision of the Fifth District Court of Appeal and remand this case for proceedings consistent with this opinion.
In 1955 Ernest and Marie Krause executed a joint will containing seven testamentary provisions in two sections under *75 the headings "Real Estate" and "Personal Property." The first section contained a single provision labeled paragraph A, which provided that the surviving spouse would receive in fee simple all interest in any real estate that the deceased owned at the time of death "to do with and handle as the survivor cares to do, including the selling of any portion or all of said real estate so left if such is desired by the survivor and beneficiary." The second section contained five numbered paragraphs. The first four numbered paragraphs made specific devises of various items of personal property. Paragraph 5, however, stated that "at the death of the survivor of the undersigned whatever property, real, personal, tangible or intangible, owned by either of them" would be transferred to Marie's nephew Robert Elliott and Ernest's son Richard Krause, each to share equally in the property. Thus paragraph 5 conflicts with paragraph A to the extent that paragraph A is construed to grant an unrestricted fee simple title.
In 1970 Ernest and Marie signed an agreement which changed the ownership of the family homestead from a tenancy by the entirety to a tenancy in common with each spouse reserving a life estate. The agreement further provided that upon the death of the survivor each party's share would be distributed according to his or her will. Marie wrote letters to her nephew Robert, both before and after the 1970 agreement, expressing her intent that he ultimately receive one-half of whatever remained following the death of the survivor. In 1977 Marie died and Ernest executed a new will which devised all interest in the property to his children Richard Krause and Margaret Mackin. In 1982 Ernest died and the Elliotts objected to the distribution of lot eight under Ernest's new will.
The trial court ruled that Ernest could revoke the joint will and that he received fee simple ownership of Marie's interest under paragraph A rather than a life estate with paragraph 5 controlling the remainder. Therefore, the court held that Ernest's will governed the distribution of the property upon his death and Richard E. Krause and Margaret Mackin each received a one-half interest. The Elliotts appealed contending that there was an oral agreement between Marie and Ernest not to revoke the joint will. The fifth district held that there was no express proof of an oral agreement not to revoke the joint will. Turning to the issue of which conflicting provision of the 1955 joint will controls, the court found that the inclusion of the word "real" in paragraph 5 was a scrivener's error.
The primary consideration in construing a will is ascertaining the intent of the testatrix. If possible, and when consistent with law and public policy, the testamentary intent of the testatrix is to be effectuated. Dutcher; In re Estate of Wagner, 423 So.2d 400 (Fla. 2d DCA 1982); In re Estate of Lesher, 365 So.2d 815 (Fla. 1st DCA 1979); § 732.6005, Fla. Stat. (1981). In support of his position, Krause cites Albury v. Albury, 63 Fla. 329, 58 So. 190 (1912), for the rule that a court need not give effect to a scrivener's error when construing a will. Albury makes clear, however, that evidence of a testator's intent should guide a court's decision to disregard a scrivener's error.
We agree with the district court's finding that the record showed no express proof of an agreement not to revoke the joint will. This finding and the 1970 agreement gives Ernest the right to control separately his one-half interest and limits this dispute to the disposition of Marie's one-half interest. However, we hold that the Fifth District Court of Appeal misinterpreted the joint will as it pertains to the disposition of Marie's one-half interest.
As Judge Sharp pointed out in the dissenting portion of her opinion, the language actually employed in a will must control. The plain language of paragraph 5 includes the term "real." Moreover, paragraph 5 is the only provision in the 1955 joint will which distributes property on the death of the survivor. No rule of will construction permits a heading to control a substantive provision. If indeed there was a scrivener's error, it undoubtedly occurred when the number 5 was placed next to the last testamentary provision of the 1955 will, thereby making the corresponding paragraph, which almost certainly was intended to act as a residuary *76 clause, appear to be part of the personal property section.
When two provisions of a will conflict the latter provision usually prevails as it constitutes the last expression of the testatrix's intent. In re McMillan's Estate, 158 Fla. 898, 30 So.2d 534 (1947); Dutcher; In re Estate of Rogers, 180 So.2d 167 (Fla. 2d DCA 1965). Moreover, the devise of an estate in fee simple may be limited by a subsequent valid provision in the will so that it becomes a life state as to the remainder. Sanderson v. Sanderson, 70 So.2d 364 (Fla. 1954); Roberts v. Mosely, 100 Fla. 267, 129 So. 835 (Fla. 1930). Under these rules of will construction, when Ernest died without disposing of lot eight, the provisions of paragraph 5 limited the devise to Ernest provided in paragraph A to a life estate and on Ernest's death controlled the final disposition of Marie's property. In conclusion, we find that Ernest's will controls his one-half interest and that the residuary clause of the 1955 joint will divides Marie's one-half interest equally between Elliott and Krause.
Accordingly, we quash the decision of the Fifth District Court of Appeal and remand this case for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.