760 So.2d 1083 (2000)
Donna ROMANIELLO, Appellant,
v.
Joanne ROMANIELLO, etc., Appellee.
No. 5D99-1401.
District Court of Appeal of Florida, Fifth District.
June 23, 2000.
*1084 Jefferson W. Morrow, Jacksonville, for Appellant.
Stephen R. Ponder of Van Houton & Ponder, P.A., Daytona Beach, for Appellee.
THOMPSON, C.J.
This appeal arises from the lower court's Order Concerning Petition for Construction of Will. Because the order "finally determine[s] a right or obligation of an interested person as defined in the Florida Probate Code," we have jurisdiction pursuant to Florida Probate Rule 5.100 and Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.110(a)(2).
Anna B. Kerner ("Kerner") died in Volusia County in 1998 at the age of 87. At the time of her death, Kerner possessed certain tangible property in her residence in an assisted living facility. She also owned approximately $102,000.00 in stock, certificates of deposit, checking and savings accounts, bonds, and insurance policies.
She had three survivors: her two daughters, Barbara Gianni (Gianni) and Joanne Romaniello (Joanne), and her granddaughter Donna Romaniello (Donna). Donna is Joanne's daughter. The two key provisions at issue in the will are:
ARTICLE II
SPECIFIC GIFTS
I hereby give all my furnishings and personal property to DONNA ROMANIELLO, if she survives me.
ARTICLE III
RESIDUARY ESTATE
All the remainder of my estate, being all property, wherever situated, in which I may have any interest at the time of my death not otherwise effectively disposed of, I give to JOANNE ROMANIELLO. If she fails to survive me, then I give all the remainder of my estate to DONNA ROMANIELLO. I intentionally make no provision for my daughter, BARBARA GIANNI, for reasons known to her.
Donna contended below that the will evinces Kerner's intention to devise to Donna all of her property, both tangible and intangible, as on its face it says that she is to be given "all [Kerner's] furnishings and personal property," and "personal property" should include the more than $100,000.00 in intangible property.
The trial court disagreed and explained:
A reading of the Will in its entirety indicates that the construction urged by Respondent DONNA ROMANIELLO would void the operation of the residuary clause and effectively disinherit [Joanne]. This court finds such a result was not the intent of the testatrix since there would have been no purpose whatsoever for the addition of a residuary clause in her will because she would have to know that there could be no property that could pass under the residuary clause[.]
The trial court explained that it found the use of the word "furnishings," under the principle of ejusdem generis, clarified that Kerner intended only tangible property to pass to Donna. See In re Estate of Horne, 171 So.2d 14 (Fla. 2d DCA 1965). *1085 Moreover, since the two clauses were irreconcilable, the latter clause should prevail as it is the last statement of the testator's intent. See Elliott v. Krause, 531 So.2d 74, 76 (Fla.1987)("[w]hen two provisions of a will conflict the latter provision usually prevails as it constitutes the last expression of the testatrix's intent")(citing In re McMillan's Estate, 158 Fla. 898, 30 So.2d 534 (1947)); Estate of Rogers v. First Nat'l Bank in Ft. Lauderdale, 180 So.2d 167, 170 (Fla. 2d DCA 1965). For these reasons, the lower court found that Kerner devised to Donna only the tangible property found in the adult living facility where Kerner resided before her death.
We agree with the well-reasoned order of the trial court. The cardinal principle of construction in examining a will is to ensure that the intention of the testator is followed. See Elliott, 531 So.2d at 75 ("[t]he primary consideration in construing a will is ascertaining the intent of the testatrix. If possible, and when consistent with the law and public policy, the testamentary intent of the testatrix is to be effectuated")(citing Butcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983)); Estate of Rogers, 180 So.2d at 170. Donna's interpretation of "personal property," if followed by this court, would lead to the disinheritance of Joanne. That could not have been the intention of Kerner. The will expressly disinherits Gianni, and Kerner could have expressly disinherited Joanne if she so intended. Kerner's failure to do so reflects her intention to devise the bulk of her estate to her daughter Joanne.
AFFIRMED.
PLEUS, J., and ORFINGER, M., Senior Judge, concur.