STONE, J.
Larry Jureski, as personal representative, filed a petition to construe a will. A residuary beneficiary opposed the petition, contending that the will contained two irreconcilable clauses. The trial court, in construing the self-drafted will of the testator, agreed with the residuary beneficiary and concluded that the two dispository paragraphs in the will conflicted. As the conflict could not be otherwise resolved, the trial court, applying settled law, determined that the latter provision must prevail over the former, as the last statement of the testator’s intent. We affirm.
The applicable provisions of the will are:
[3.] All beneficiaries must survive me for 45 days to receive property under this will.
* * *
[4.] All personal and real property that I leave in this will shall pass subject to any encumbrances or liens placed on the property as security for the repayment of a loan or debt.
[5.] If I leave property to be shared by two or more beneficiaries, it shall be shared equally by them unless this will provides otherwise.
[6.] If I leave property to be shared by two or more beneficiaries, and any of them does not survive me, I leave his or her share to the others equally unless this will provides otherwise for that share.
[7.J Entire estate means all property I own at my death that is subject to this will.
[8.] Specific bequest refers to a gift or specifically identified property that I leave in this will.
[9.] Residuary estate means all property I own at my death that is subject to this will that does not pass under a specific bequest.
[10.] I leave ten cents U.S. funds (USDO.IO) to Lawrence Scaduto.
[11.] I leave any property that I may own at the time of my death to Larry Jureski and William Callahan in equal shares.
[12.] I leave my residuary estate to Larry Jureski, William Callahan, Glen Craig, Regina Garrido, Susan Clohan and Elizabeth Scaduto in equal shares.
By the time of death, the testator’s estate included real property, valued at $270,000.00, as well as $46,800.00 in personal property. At a hearing on the matter, Jureski argued that he and Callahan were entitled to all the property, both real and personal, pursuant to clause 11 of the will. Alternatively, Jureski suggested that both he and Callahan were at least entitled to all the testator’s real property. Elizabeth Scaduto, residuary beneficiary, argued that clauses 11 and 12 directly conflicted, making it impossible to determine the testator’s testamentary intent. Further, Scaduto asserted that, by accepting Jureski’s contention that he and Callahan should receive all the property in the estate, real and personal, the court would essentially void the operation of the resid *1063 uary clause and fail to carry out the testator’s testamentary intent.
We note that none of the parties are a spouse or child of the decedent. We further note that neither party seeks a further evidentiary hearing or proffers any extraneous evidence of the testator’s intent; rather, each side left it to the trial court to construe intent from the four corners of the will.
The trial court found that the will was not clear as to what property was intended to pass under clauses 11 and 12, rejecting both of JuresM’s interpretations, and concluded that the two provisions were irreconcilable. Thus, the trial court determined that the residuary clause, as the latter provision, should prevail.
The court relied on Romaniello v. Roaniello, 760 So.2d 1083 (Fla. 5th DCA 2000), in concluding that neither Jureski nor Callahan was entitled to all of the estate property, real and personal, because the will did not contemplate a failure to fund the residuary beneficiaries. While the instant case is like Romaniello in that the testator’s will does not define the type of property meant to be devised, it is unlike Romaniello because the testator’s intent in using the term “property” is not apparent from the surrounding wording.
We conclude that Elliott v. Krause, 531 So.2d 74 (Fla.1987), is even more akin to this case. There, the court recognized that, when a will contains clauses that are in conflict, the latter clause should be given effect. Elliott, 531 So.2d at 76.
In addressing Jureski’s primary contention, we find that the will does not clearly bequeath all of the real and personal property in the estate to Jureski and Callahan. First, clause 7 defines the testator’s “entire estate” to mean “all property” owned by the testator at his death. The general bequest to Jureski and Callahan in clause 11, however, does not refer to the “entire estate” or “all the property;” rather, it leaves Jureski and Callahan “any property...:” Because the parties have provided no extrinsic evidence as to the meaning of the phrase “any property,” we find it impossible to distinguish which type of property the testator intended to bequeath under either clause 11 or clause 12. We further disagree with-Jureski’s categorization of clause 11 as a specific bequest. A specific bequest is “a gift by will of property which is particularly designated and which is to be satisfied only by the receipt of the particular property described.” In re Estate of Potter, 469 So.2d 957, 959 (Fla. 4th DCA 1985)(quoting In re Parker’s Estate, 110 So.2d 498, 500 (Fla. 1st DCA 1959)). Because the disposition in clause 11 may be generally satisfied out of the testator’s estate, rather than from a specifically designated fund or object, we find the clause to be a general bequest. Id. Thus, the two clauses are irreconcilable and the residuary clause should prevail as the last statement of the testator’s intent.
We note we do not find that clauses 11 and 12 are inconsistent merely because both include Jureski and Callahan as beneficiaries. First, assuming we interpret the term “others”- in clause 6 to refer to the residuary beneficiaries in clause 12, it is entirely possible that the testator intended that, should Jureski or Callahan predecease the testator, the surviving beneficiary would receive both his one-half share of the entire estate and a one-fifth share of the deceased beneficiary’s one-half as a residuary beneficiary. Further, the inclusion of Jureski and Callahan under both clauses 11 and 12 becomes even more practical if operating under the presumption that the testator intended to bequeath either real or personal property in clause 11, rather than the entire estate, with *1064 Jureski and Callahan also sharing in the residue.
In considering Jureski’s alternative argument that he and Callahan were entitled to at least all of the real property, with the residuary beneficiaries entitled only to the testator’s personal property, the trial court reasonably concluded that there was no indication of how the testator intended his real and personal property to be separately devised under clauses 11 and 12. While we acknowledge that the testator may have intended to convey any real property to Jureski and Callahan, we cannot make such an assumption, as a matter of law, because to do so would ignore the holding in Elliott. 531 So.2d at 76.
Therefore, because the testator’s testamentary intent as to how the real property and the personal property should be devised under clauses 11 and 12 is undiscov-erable, we cannot say that the trial court erred in concluding that clauses 11 and 12 are irreconcilable.
We recognize that there is a corresponding limiting principle of construction, as set forth in Dutcher v. Estate of Dutches 437 So.2d 788, 790 (Fla. 2d DCA 1983)(citing In Re McMillan’s Estate, 158 Fla. 898, 30 So.2d 534, 536 (1947)), that:
If there is an irreconcilable conflict between two provisions in a will, the latter provision will usually prevail as being the last expression of the intention of the testatrix where the provisions refer to the same subject matter. Of course, where possible, the two provisions are to be construed in such a manner as to harmonize them; if this is not possible, the first provision is rejected only to the extent necessary to give effect to the latter provision.
See In Re Rogers’ Estate, 180 So.2d 167, 170 (Fla. 2d DCA 1965)(emphasis added).
Here, applying the principle of rejection “only to the extent necessary,” it cannot be disputed that the testator intended some property to pass by paragraph 11 to Jure-ski and Callahan. We recognize that, although the court was not able to construe clause 11 to include either all property or any real property in the estate, clause 11 might, in rejecting clause 11 only to the extent necessary, be construed, simply, as passing the testator’s tangible personal property. However, as neither party has raised or requested that limited interpretation, we do not decide whether the will could be so construed.
STEVENSON and HAZOURI, JJ., concur.